**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

**DONALD A. ALLEN,**

     **Petitioner,**

    **v.**

**STATE OF NEW JERSEY,**

     **Respondent.**

**Case No. 25–cv–18882–ESK**


**OPINION**

---

**KIEL, U.S.D.J.**

    **THIS MATTER** is before the Court on petitioner Donald A. Allen's a writ of coram nobis under 28 U.S.C. §1651 (Petition) (ECF No. 1) and motion for the appointment of counsel (Motion) (ECF No. 2.)   For the following reasons, I will deny the Petition and Motion.

### I.    FACTS AND PROCEDURAL HISTORY

    Petitioner, a citizen of Jamacia, pleaded guilty to Indictment 03–08–0041–I in the Superior Court of New Jersey, Essex County on May 1, 2006.   (ECF No. 1–2.)   His sentencing was scheduled for June 23, 2006; however, petitioner was removed from the United States on June 1, 2006.   (ECF No. 1–3 p. 2.) The Superior Court issued a fugitive warrant based on his failure to appear at sentencing.   (*Id.*)

    At some point in time, petitioner returned to the United States and was arrested in Arizona on an unrelated charge.   (*Id.*)   Arizona notified New Jersey of petitioner's return and arrest, and petitioner was later returned to New Jersey based on the fugitive warrant after he resolved his Arizona matter. (*Id.* pp.2, 3.)   Petitioner was sentenced in New Jersey on October 3, 2012. (ECF No. 1–2 p.9.)   At sentencing, he argued that he should not be penalized for any delay in sentencing because he was deported against his will and had

contacted his attorney upon his return to the United States. (*Id.* pp. 24, 25.) The trial court concluded that petitioner had not promptly returned to New Jersey upon his return and declined to credit him for the time served in Arizona. (*Id.* pp. 27, 28.) Petitioner received a ten-year sentence with a three-year period of parole ineligibility. (*Id.* p. 28.) The trial court notified petitioner of his right to appeal and file a motion for post-conviction relief (PCR). (*Id.* pp. 30, 31.)

Petitioner filed the Petition and Motion on December 17, 2025. (ECF Nos. 1, 2.)

## II.   LEGAL STANDARD

"In federal courts the authority to grant a writ of coram nobis is conferred by the All Writs Act, which permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'" *United States v. Denedo*, 556 U.S. 904, 911 (2009) (quoting 28 U.S.C. § 1651(a)). "A writ of error coram nobis is an 'extraordinary remedy' that may only be issued in the most limited of circumstances." *United States v. De Castro*, 49 F.4th 836, 842 (3d Cir. 2022) (quoting *Denedo*, 556 U.S. at 911). "A court's jurisdiction to grant such relief is of limited scope, and the standard for obtaining it is more stringent than that applicable on direct appeal or in habeas corpus." *United States v. Rhines*, 640 F.3d 69, 71 (3d Cir. 2011) (cleaned up). "[C]oram nobis relief is limited and seeks out error of the most fundamental character —the kind that renders the proceeding itself irregular and invalid." *Ragbir v. United States*, 950 F.3d 54, 62 (3d Cir. 2020).

A petitioner seeking coram nobis relief has the burden to show five prerequisites: "the petitioner (1) is no longer in custody; (2) suffers continuing consequences from the purportedly invalid conviction; (3) provides sound reasons for failing to seek relief earlier; (4) had no available remedy at the time of trial; and (5) asserted error(s) of a fundamental kind." *Id.* "[A] petition

must be denied if even one element is not satisfied … ."   *De Castro*, 49 F.4th at 842.

### III.  DISCUSSION

Petitioner seeks relief from his October 3, 2012 judgment of conviction. Coram nobis relief "is not available in a federal court as a means of attack on a state criminal judgment."   *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003).   A person seeking coram nobis relief with respect to a state court conviction must pursue such relief in state court, not federal court.   *Id.*   Even if petitioner could seek coram nobis relief in federal court, he has not satisfied *Ragbir*'s requirements.

The *Ragbir* standard does not require a petitioner "to 'challenge his conviction at the earliest opportunity,'" but it does require "the petitioner to have 'sound reasons for not doing so.'"   *De Castro*, 49 F.4th at 843 (quoting *Ragbir*, 950 F.3d at 63).   "Yet he has no sound reasons if his 'argument was available to him' earlier on."   *United States v. Lyons*, 173 F.4th 491, 497 (3d Cir. 2026) (quoting *De Castro*, 49 F.4th at 844).

Petitioner's coram nobis petition was filed more than a decade after his guilty plea, and petitioner puts forth no explanation as to why.   The claims raised in the Petition are (1) that the six-year sentencing delay violated his right to a timely sentencing; (2) that the state committed misconduct by issuing a fugitive warrant when it had knowledge that he was deportable; (3) the plea agreement was outdated and void; and (4) the state's failure to prevent his deportation violated his due process rights.   (ECF No. 1 pp. 2, 3, 4.)   These arguments could have been raised earlier as petitioner was aware of all the facts necessary to make these claims at the time of his plea and sentence. Therefore, petitioner has not established that there were sound reasons for his delay in filing his coram nobis petition.

Petitioner also has not shown that there was no available remedy at the time of his plea. "This requirement 'focuses on whether a party was unable to make certain arguments at trial or on direct appeal.'" *De Castro*, 49 F.4th at 846 (quoting *Ragbir*, 950 F.3d at 63). The trial court informed petitioner that he had a right to appeal the sentence and, if necessary, to file a PCR petition. (ECF No. 1–2 pp. 30, 31.) Petitioner could have raised his current arguments on direct appeal or in a PCR petition. He was aware of all the facts, and he does not allege there were any barriers to seeking such relief. Therefore, I conclude that there was a remedy available to petitioner at the time of his plea.

"To grant a petition for a writ of error coram nobis, a District Court must find a petitioner has established all five *Ragbir* prerequisites." *De Castro*, 49 F.4th at 848. I need not consider whether petitioner asserts fundamental errors because he has not established at least two of the *Ragbir* requirements. I will deny the Petition. I will deny the Motion as the Petition is being dismissed.

To the extent a certificate of appealability is required, I decline to issue one because reasonable jurists would agree that petitioner has not established that there were sound reasons for failing to seek relief earlier or that there were no available remedies at the time of trial. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV.   CONCLUSION

For the reasons stated above, I will deny the Petition and Motion.   No certificate of appealability shall issue.   An appropriate Order accompanies this Opinion.


_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated:  July 6, 2026